IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TERRY HARDAGE,　　　　　　　　　　　　Case No. 6:12-cv-1876-AA

    Plaintiff,　　　　　　　　　　　　　　　　　ORDER

v.

WAYNE HAGEN, et al.,

    Defendants.

---

AIKEN, Chief Judge:

    Plaintiff, appearing pro se, filed suit under 42 U.S.C. § 1983 and alleged that defendants violated his constitutional rights by excluding him from an investigative medical examination performed on his son without court order or parental consent. Construing the complaint liberally in favor of plaintiff, the court found that he arguably stated a claim for interference with his parental rights

1　- ORDER

in violation of the Fourteenth Amendment. Wallis v. Spencer, 202 F.3d 1126, 1141-42 (9th Cir. 2000).

Defendants now move for dismissal and summary judgment on grounds that plaintiff's claim for interference with his parental rights is barred by the statute of limitations. I agree.

Plaintiff alleges that his son was subjected to an investigative examination on May 5, 2010, and that defendants excluded him and denied his access to the exam. There is a two-year statute of limitations for claims asserted under 42 U.S.C. § 1983; thus, the statute of limitations ran on May 5, 2012. Sain v. City of Bend, 309 F.3d 1134, 1139 (9th Cir. 2002). Plaintiff did not file this action until October 18, 2012, and his claim is barred.

In response, plaintiff argues that he did not discover that his son had undergone the investigation until a dependency hearing on October 27, 2010. However, the discovery rule "provides that the statute of limitations begins to run when the plaintiff knew or in the exercise of reasonable care should have known facts that would make a reasonable person aware of a substantial possibility that each of the three following elements exists: harm, causation, and tortious conduct." Doughton v. Morrow, 255 Or. App. 422, 428-29, 298 P.3d 578 (2013).

Plaintiff has alleged that he was told in the spring and summer of 2010 that his son would be undergoing a medical examination and that he would not be allowed to attend. Even if, as

plaintiff alleges, he was not informed of the exact date of the allegation, in the exercise of reasonable care, plaintiff should have known of the facts underlying his claim prior to October 2010. Moreover, plaintiff provides no evidence or affidavit to support the statement of his attorney in October 2010 regarding his son's medical examination.

Plaintiff also seeks leave to amend his complaint to add defendants allegedly involved in the May 5, 2010 examination and a claim based on an "interrogation" of his son on April 27, 2010. Plaintiff claims he was not aware of the additional defendants' involvement or the interrogation until December 2012. However, I find amendment would be futile. <u>Ahlmeyer v. Nev. Sys. of Higher Educ.</u>, 555 F.3d 1051, 1055 (9th Cir. 2009) ("[F]utility of amendment alone can justify the denial of a motion."). Plaintiff's amendments fail to state a claim against the proposed additional defendants under § 1983; no allegation reflects their personal involvement in any decision to subject plaintiff's son to a medical examination or to exclude plaintiff from the medical examination. Rather, plaintiff alleges that defendant Loosli denied him access to the examination, and defendants Hagen and Martin authorized the examination without court order or parental consent.

Likewise, plaintiff fails to state a claim regarding any alleged "interrogation" of his son on April 27, 2010. A report shows that plaintiff's son was interviewed on April 27, 2010.

3   - ORDER

Morgan Decl. Ex. 1. However, it is undisputed that the State had legal custody of plaintiff's son and that his caseworker, defendant Hagen, consented to the interview. Unlike a more intrusive physical examination, an initial interview does not constitute interference with parental rights in these circumstances. <u>See, e.g.</u>, <u>Greene v. Camreta</u>, 588 F.3d 1011, 1037 n.23 (9th Cir. 2009), <u>vacated in part on other grounds</u> by 131 S. Ct. 2020 (2011) and 661 F.3d 1201 (9th Cir. 2011); Or. Admin. R. 413-015-0420.

Finally, plaintiff has mailed correspondence objecting to several of my rulings and accusing the court of bias. Construing his correspondence as a request for recusal, I reject it. The standard for recusal is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." <u>United States v. Studley</u>, 783 F.2d 934, 939 (9th Cir. 1986) (citation omitted). At most, plaintiff disagrees with some of the rulings issued in this and other related cases. However, "judicial rulings alone almost never constitute valid basis for a bias or partiality motion. . . . Almost invariably, they are proper grounds for appeal, not for recusal." <u>Liteky v. United States</u>, 510 U.S. 540, 555 (1994). To the extent plaintiff disagrees with the court's rulings, he can appeal.

## CONCLUSION

Accordingly, defendants' Motions to Dismiss and for Summary Judgment (docs. 18, 21) are GRANTED, plaintiff's Motions to Amend

(docs. 11, 23) are DENIED, and this action is DISMISSED. All other motions are DENIED (doc. 26, 33) as moot.

IT IS SO ORDERED.

Dated this 9th day of May, 2013.

_____
Ann Aiken
United States District Judge

5    - ORDER